**UNITED STATES Of America,**
**Plaintiff–counter–defendant–**
**Appellee,**

v.

**Lonnie G. VERNON; Karen L. Vernon,**
**Defendants–counterclaimants–**
**plaintiffs–Appellants.**

**No. 11–35515.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2012.\*

Filed Oct. 16, 2012.

Kenneth W. Rosenberg, Richard Adam Schwartz, Trial, Michael J. Haungs, Supervisory, Tamara W. Ashford, Deputy Assistant Attorney General, DOJ—U.S. Department Of Justice, Washington, DC, for Defendants–counterclaimants–plaintiffs–Appellants.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

MEMORANDUM \*\*

Lonnie G. Vernon and Karen L. Vernon appeal pro se from the district court's summary judgment in the government's action to reduce unpaid tax assessments to judgment and to foreclose on federal tax

---

liens on the Vernons' property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stead v. United States,* 419 F.3d 944, 947 n. 3 (9th Cir.2005). We affirm.

The district court properly granted summary judgment because the Vernons failed to establish a genuine dispute of material fact as to whether the government's assessments and all required notices were properly made. *See Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993) ("Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, is sufficient to establish that notices and assessments were properly made." (alteration, citation, and internal quotation marks omitted)). Accordingly, the district court properly concluded that the Vernons' property could be sold to satisfy their tax debt. *See* 26 U.S.C. § 7403(a).

The Vernons' contentions that the government lacks the authority to assess or collect taxes and their contentions concerning discovery are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.